IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALLAN ROBINSON<br><br>    Plaintiff<br><br>        v.<br><br>RICARDO ORELLANA-ROSADO, RAQUEL DE JESUS, LOUIS QUINONEZ, JANE DOE AND Dr. JOHN DOE<br><br>    Defendants | Civil No. 20-cv-1550(RAM) |

## MEMORANDUM AND ORDER

Plaintiff Allan Robinson ("Plaintiff") has failed to respond to the Court's Order at Docket No. 19 which required him to state by May 6, 2021 whether he wished to represent himself or whether he wished the Court to appoint a new pro-bono attorney or risk dismissal without prejudice of this action. This is the **fourth time** that Plaintiff has disregarded this Court's Orders. (Dockets Nos. 12, 13, 18 and 19).

Court orders are obligations not suggestions. Moreover, even pro-se litigants are obligated to comply with the Federal Rules of Civil Procedure. *See* FDIC v. Anchor Properties, Inc., 13 F.3d 27, 31 (1st Cir. 1994). The Court of Appeals for the First Circuit has long held that "[w]hile courts have historically loosened the reins for pro se parties, **the 'right of self-representation is not a license not to comply with relevant rules of procedural and**

**substantive law.'"** Xiaoyan Tang v. Citizens Bank, N.A., 821 F.3d 206, 220 (1st Cir. 2016) (quoting Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 2 F.3d 503, 506 (1st Cir. 1994)) (emphasis added). Accordingly, "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte [that is, on its own initiative] for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." Cintrón-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525-526 (1st Cir. 2002) (citation ommited). Rule 41(b) provides that failure to comply with Court orders is grounds for dismissal:

> (b) INVOLUNTARY DISMISSAL; EFFECT. **If the plaintiff fails to** prosecute or to **comply with these rules or a court order**, **a defendant may move to dismiss the action or any claim against it**. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b) (emphasis added).

Here, plaintiff has failed to comply with **four** court orders, the last clearly warning about the risk of dismissal without prejudice for non-compliance. (Docket Nos. 12, 13, 18 and 19). *See* Ramirez-Roman v. Nestle PR, 2014 WL 3955902, at *3 (D.P.R. 2014) (dismissing without prejudice the case pursuant to Fed. R. Civ. P. 41(b) after pro-se plaintiff failed to follow multiple court orders, including two regarding obtaining representation). Accordingly, this action is dismissed **without prejudice** for

failure to comply with Court orders. *See* Fed. R. Civ. P. 41(b). Judgment of dismissal **without prejudice** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 11th day of May 2021.

S/ RAUL M. ARIAS-MARXUACH  
UNITED STATES DISTRICT JUDGE